UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FLORA DELGADO-CRUZ,

   *Plaintiff*,

v.                                                    Case No.  SA-22-CV-00485-JKP

WAL-MART STORES TEXAS, LLC,
MICAELA CAMPOS,

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Flora Delgado-Cruz's Motion to Remand to State Court and Defendant Wal-Mart Stores of Texas, LLC's Response. *ECF Nos. 22, 23*. For the following reasons, the Court **GRANTS** Delgado-Cruz's motion and **REMANDS** this case to state court. Final Judgment will be entered by separate order.

Delgado-Cruz initiated this action, alleging that a Wal-Mart employee hit her with a shopping cart, causing severe injuries. Wal-Mart then removed to federal court, asserting this Court has diversity jurisdiction. *See* 28 U.S.C. §§ 1446, 1441(b), and 1332(a). Specifically, Wal-Mart, a corporation organized under the laws of Delaware with its principal place of business in Arkansas, is completely diverse from Delgado-Cruz, a citizen of Texas. In addition, Delgado-Cruz seeks over $1 million in damages, exceeding the required amount in controversy. In her Motion to Remand, Delgado-Cruz says she did not individually name the Wal-Mart employee in her lawsuit because she did not know who it was; however, she was diligently working to find out. After an initial pretrial conference held by U.S. Magistrate Judge Henry J. Bemporad, Wal-

Mart named the employee as Micaela Campos, a citizen of Texas. Delgado-Cruz then amended her complaint to add Campos as a defendant. Delgado-Cruz now requests that the Court remand the case to state court because the parties are no longer diverse—both Delgado-Cruz and Campos are citizens of Texas. *See* 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs." However, a "civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The Federal Rules of Civil Procedure provide a means for a party to move to remand a removed action to state court. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

2

In this case, Wal-Mart's removal to federal court was proper; however, the subsequent addition of Campos, a non-diverse defendant, eliminates the Court's diversity jurisdiction. Wal-Mart argues Delgado-Cruz should not be allowed to add Campos as a defendant, because her sole purpose in doing so is to deprive this Court of jurisdiction. In support of its argument, Wal-Mart applies the standard set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). Judge Bemporad rejected Wal-Mart's argument, finding Delgado-Cruz properly sought to add Campos as a defendant and granting her leave to do so. For the reasons discussed below, this Court agrees with Judge Bemporad's decision.

In the Fifth Circuit, courts apply a four-factor analysis, known as the *Hensgens* factors, to determine whether to allow a plaintiff to amend their complaint to add a non-diverse defendant. Specifically, courts consider: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction;" (2) "whether the plaintiff has been dilatory in asking for an amendment;" (3) "whether the plaintiff will be significantly injured if the amendment is not allowed;" and (4) "any other factors bearing on equities." *Hensgens*, 833 F.2d at 1182. When considering an amendment that would destroy diversity, courts "should scrutinize that amendment more closely than the ordinary amendment." *Id.*

### 1.  Purpose of Amendment

In determining the plaintiff's purpose in adding a non-diverse defendant, the Court considers (1) whether the plaintiff knew the identity of the non-diverse defendant when the state court petition was filed and (2) whether the plaintiff has stated a valid claim against the non-diverse defendant. *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726 (S.D. Tex. 2016). Here, the parties agree that Delgado-Cruz did not know Campos' identity when she filed suit in state court. Wal-Mart argues Delgado-Cruz could have added a "Jane Doe"

defendant to signify her intent to add the unknown defendant later. While it is true that Delgado-Cruz could have named a "Jane Doe" defendant, nothing in the case law cited by Wal-Mart suggests that failing to do so precludes Delgado-Cruz from adding Campos later. Wal-Mart further argues that Campos is not properly added to this action because an employee in a premises liability action is not personally liable for torts committed while acting in the course and scope of her employment. *See e.g., Sols v. Wal-Mart Stores E., L.P.*, 617 F.Supp.2d 476, 470–81 (S.D. Tex. 2008). Whether Campos was acting within the course and scope of her employment when she hit Delgado-Cruz with a shopping cart is yet to be established. If the evidence shows Campos was acting outside the course and scope of her employment, she may be held personally liable. Therefore, Campos is a proper defendant and this factor weighs in favor of amendment.

### 2. Diligence in Requesting the Amendment

Next, courts consider a plaintiff's diligence in seeking her amendment and whether or not she was dilatory in doing so. Amendments in light of newly-discovered facts are typically not dilatory. *See Cinco Bayous, LLC*, 2020 WL 4922329, at *5 (collecting cases); *Ogunro v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:18-CV-1784-B, 2019 WL 111213, at *3 (N.D. Tex. Jan. 4, 2019). In this case, the parties agree that Delgado-Cruz promptly filed her motion for leave to amend once Wal-Mart disclosed Campos' identity. Furthermore, she did so within the Court's deadline to amend pleadings, which gives rise to a presumption of timeliness. *See, e.g., Team Express Distrib. LLC v. Junction Sols., Inc.*, No. 5:15-CV-994-DAE, 2016 WL 3081020, at *2 (W.D. Tex. May 31, 2016). Wal-Mart suggests Delgado-Cruz's failure to add an unnamed defendant in her state court action resulted in unreasonable delay; however, it cites no authority for this argument. This factor weighs in favor of amendment because Delgado-Cruz sought to

4

amend her complaint at the earliest opportunity—that is, when Wal-Mart provided her with Campos' name.

### 3.  Prejudice to the Plaintiff

In analyzing the third *Hensgens* factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Anzures v. Prologis Texas I, LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (citation omitted). If the current defendant is able to satisfy a future judgment, then courts typically find no prejudice. *Id.* (citing cases). There is no dispute here that defendant Wal-Mart would be able to satisfy a judgment in Campos' absence. However, as previously noted, whether Campos was acting within the course and scope of her employment has yet to be established. If the facts show Campos was not acting within the course and scope of her employment, Wal-Mart might not be liable. Therefore, dismissing Campos at this juncture could be prejudicial to Delgado-Cruz. This factor also weighs in favor of allowing amendment.

### 4.  Factors Bearing on Equities

Under the fourth *Hensgens* factor, courts consider "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. Wal-Mart suggests that Delgado-Cruz's amendment is made in bad faith because its sole purpose is to defeat diversity. Wal-Mart further argues that adding Campos is futile because she is not liable for torts committed during the course and scope of her employment. For the reasons already discussed, the Court finds Delgado-Cruz has legitimate reasons to name Campos as a defendant. This factor also weighs in her favor.

All four factors of the *Hensgens* analysis weigh in favor of allowing Delgado-Cruz to add Campos as a defendant in this lawsuit. The Court therefore agrees with Judge Bemporad's decision to allow Delgado-Cruz to amend her complaint. The addition of Campos to this lawsuit

defeats diversity and eliminates this Court's jurisdiction. Thus, the Court grants Delgado-Cruz's motion and remands this action to state court.

## CONCLUSION

With the addition of Campos to this action, the parties are no longer diverse and this Court no longer has jurisdiction. The Court therefore **GRANTS** Delgado-Cruz's motion and **REMANDS** this case to state court. Final Judgment will be entered by separate order.

It is so ORDERED.
SIGNED this 19th day of September, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE